___

SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: May 30, 2017**

**The Order of the Court is set forth below. The docket reflects the date entered.**
___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:   LARRY PALMER | CASE NO. 16-51394-KMS |
| DEBTOR | CHAPTER 13 |
| LARRY PALMER and MARY PALMER | PLAINTIFFS |
| V. | ADV. NO. 16-06077-KMS |
| HOPE ENTERPRISES fka Enterprise Corporation of the Delta | DEFENDANT |

### ORDER GRANTING MOTION TO DISMISS

Before the Court is the Motion to Dismiss Adversary Proceeding (Adv. Dkt. No. 14)[1] filed by Hope Enterprises. The Court held a hearing on the motion on April 27, 2017. Adv. Dkt. No. 20. Having considered the arguments and record in this case, the Court finds that the motion to dismiss should be granted

### I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this Adversary

---

[1] Unless stated otherwise, citations to the record are as follows: (1) citations to docket entries in the adversary proceeding, Adv. Proc. No. 16-06077-KMS, are cited as "Adv. Dkt. No. ___"; and (2) citations to docket entries in the main bankruptcy case, Case No. 16-51394-KMS, are cited as "Dkt. No. ___".

1

Proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## II. Findings of Fact[2]

On August 16, 2016, Larry Palmer filed a petition for Chapter 13 bankruptcy relief. Dkt. No. 1. Palmer scheduled a debt to Hope Enterprise Corp. ("Hope Enterprises") in the amount of $40,000 secured by an interest in real property valued at the same amount. Dkt. No. 14 at 11. Hope Enterprises has not filed a claim in this bankruptcy.

On November 21, 2016, Larry Palmer and Mary Palmer filed an adversary complaint against Hope Enterprises seeking to set aside a Substituted Trustee's Deed on Hope Enterprises' collateral based on a defective notice. Adv. Dkt. No. 1 at 1-2. The Palmers assert that the notice incorrectly described the door of the courthouse where the sale would take place. According to Hope Enterprises, it conducted a foreclosure sale on its collateral on November 21, 2013. Adv. Dkt. No. 14 at 1. On December 22, 2016, Hope Enterprises answered the complaint and asserted that the Palmers' complaint failed to state a claim. Adv. Dkt. No. 7 at 1. On March 9, 2017, Hope Enterprises filed a motion to compel the initial disclosures of the Palmers, which the Court granted on March 20, 2017. Adv. Dkt. Nos. 10, 13. On March 31, 2017, Hope Enterprises moved to dismiss the adversary. Adv. Dkt. No. 14. On the same date but after the motion was filed, the Palmers filed their initial disclosures. Adv. Dkt. No. 15. On April 24, 2017, the Palmers responded to Hope Enterprises' motion. Adv. Dkt. No. 18. On April 26, Hope Enterprises filed its rebuttal. Adv. Dkt. No. 19. On April 27, 2017, the Court held a hearing on the motion where the parties presented argument, and the Court took the matter under advisement. Adv. Dkt. No. 20.

## III. Conclusions of Law

---

[2] Pursuant to Federal Rule of Civil Procedure 52, made applicable here by Federal Rules of Bankruptcy Procedure 9014(c) and 7052, the following constitutes the findings of fact and conclusions of law of the Court.

Hope Enterprises' motion argues that the adversary should be dismissed for (1) failure to state a claim and (2) as a sanction for failure to submit the required initial disclosures.

A. Failure to State a Claim

Hope Enterprises moved to dismiss arguing that the Palmers have "fail[ed] to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Bankr. P. 7012(b) (applying Federal Rule of Civil Procedure 12(b) to adversary proceedings). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). The plaintiff must plead sufficient facts so that the Court may reasonably infer the defendant's liability for the alleged misconduct. *Id.* "[A] plaintiff armed with nothing more than conclusions cannot unlock the doors of discovery." *Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014) (internal quotations omitted).

The Palmers' complaint asserts that the foreclosure sale "is invalid and void" because "the publication [of the foreclosure sale] was defective in that it was published for an inappropriate location." Adv. Dkt. No. 1 at 1, 2.

> Specifically pursuant to a Resolution/Order of the Forrest County Board of Supervisors dated March 2, 1987, JUDICIAL FORECLOSURE AND OTHER SALES WERE TO BE HELD AT THE "Northeast Main Door of the Paul B. Johnson Jr. Chancery Facility, which Chancery Facility is located at 641 Main Street, Hattiesburg in the City of Hattiesburg, Mississippi, . . ." and were only to be held there until said functions could be relocated to the Forrest County Courthouse.
>
> Instead the sale was published for "THE NORTHEAST REAR ENTRANCE OF THE PAUL B. JOHNSON CHANCERY BUILDING IN HATTIESBURG, MISSISSIPPI."

Adv. Dkt. No. 1 at 1-2. Hope Enterprises argues that the Palmers have not demonstrated the applicability of the 1987 resolution of the Forrest County Board of Supervisors and that even if

3

the resolution applies, the notice of sale is not deficient to declare the foreclosure invalid. Adv. Dkt. No. 14 at 4.

Under Mississippi law, if a deed of trust is silent "as to the place and terms of sale and mode of advertising, a sale may be made after condition broken, for cash, upon such notice, and at such time and place as is required for sheriff's sale of like property." Miss. Code Ann. § 89-1-57. The Palmers have not alleged that the deed of trust was silent as to the terms of a foreclosure sale. The Mississippi Supreme Court has held that "[t]he statute comes in when the instrument is silent on the subject." *Cook v. Taylor*, 27 So. 2d 404, 406 (Miss. 1946) (quoting *Goodman v. Durant Bldg. & Loan Ass'n*, 14 So. 146, 148 (Miss. 1893)) (discussing predecessor to Section 89-1-57). The Court, therefore, finds that the language of the deed of trust as to the terms of any foreclosure sale controls despite any resolutions affecting the location of sheriff's sales. But regardless of whether the statute and resolution apply, the result is the same.

"The Mississippi Supreme Court has held that [the] purpose of a notice of a foreclosure sale is 'to advise the public of what is to be sold, and the time when, and place where, and the terms upon which, it may be bought.'" *Hall v. Green Tree Servicing, LLC*, 210 So. 3d 1002, 1005 (Miss. Ct. App. 2015) (quoting *Griffin v. Land*, 59 So. 2d 290, 293 (1952)). This purpose has been recognized in Mississippi for over one hundred years. *See Yellowly v. Beardsley*, 24 So. 973, 974 (Miss. 1899).

Hope Enterprises has identified two cases in support of its position. First, in *Gulf Refining Company v. Harrison*, the Mississippi Supreme Court held

> that the advertisement of the sale to be made at the 'south door of the courthouse', when there was no south door thereof, was neither insufficient nor misleading inasmuch as there was a southeast door, at which public sales were usually held, and at which this one was made. The courthouse had only a front and a back door, and a prospective bidder in search of the south door would have had no difficulty

4

> in finding or being directed to the southeast door where the sale was being conducted.

30 So. 2d 44, 49 (Miss. 1947). Second, in *Morton v. Resolution Trust Corporation*, the district court for the Southern District of Mississippi held that a foreclosure sale was validly noticed where

> The December 28, 1987, notice of sale stated that the property in question would be offered for sale on Wednesday, January 27, 1988, within the hours of 11:00 a.m. and 4:00 p.m., "at the main front door of the Forrest County Courthouse." The Forrest County Circuit Courthouse was closed at that time and a sign directed persons to go across the street in order to conduct business at the courthouse. According to the order of the Forrest County Supervisors, the Chancery facility was the official courthouse while renovation was being conducted at the regular courthouse. Testimony varies, but as few as twelve and as many as twenty persons may have been present to bid on the Peddler's Inn on January 27, 1988. Persons familiar with the community certainly were aware of the temporary circumstances. And, owing to the sign on the Forrest County Circuit Courthouse, persons from outside the community had no problems. David T. DeBerry, for instance, who resided in Memphis, Tennessee, at the time in question said that he was able to find the place where the sale was being conducted.

918 F. Supp. 985, 999 (S.D. Miss. 1995).

In both cases, the courts held that an inexact notice was not fatally insufficient where a potential bidder would have "no difficulty," *Gulf Refining*, 30 So. 2d at 49, or "no problems," *Morton*, 918 F. Supp. at 999, finding the actual location of the sale from the noticed description. Hope Enterprises asserts that "reading the Complaint in the light most favorable to the Plaintiffs," the Palmers argue "that the description of the sale location in the Notice of Sale was misleading or confusing due to the Notice's characterization of the northeast entrance of the Chancery Facility as the 'rear' door rather than the 'main' door." Adv. Dkt. No. 14 at 9. The Court agrees with this characterization of the Palmers' argument and holds that the notice was not fatally defective because a potential bidder would have been able to find the sale from the advertised description. The motion to dismiss is granted.

B. Initial Disclosures

5

Having granted the motion to dismiss based on the Palmers' failure to state a legally cognizable claim, the Court declines to reach the arguments related to dismissal as a sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(v), as applied to adversary proceedings by Federal Rule of Bankruptcy Procedure 7037. The Court notes only that although the Federal Rules empower it "to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice . . . Dismissal of a complaint with prejudice is such a drastic remedy that a . . . court should apply it only in extreme circumstances." *Griffin v. Aluminum Co. of Am.*, 546 F.2d 1171, 1172 (5th Cir. 1977).

**IT IS HEREBY ORDERED THAT** the Motion to Dismiss Adversary Proceeding (Adv. Dkt. No. 17) is GRANTED.

*##END OF ORDER##*